UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY PHONSONGKHAM,<br><br>                         Petitioner,<br><br>v.<br><br>FIDENZIO N. GUZMAN, et al.,<br><br>                        Respondents. | Case No.: 24-cv-01566-LL-MMP<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF No. 16] |

Before the Court is Petitioner's motion for appointment of counsel. ECF No. 16. On September 3, 2024, Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. After filing two failed motions to proceed in forma pauperis, Petitioner paid the $5.00 filing fee to proceed with this action. ECF Nos. 2–7. Now Petitioner has filed a motion for appointment of counsel. ECF No. 16.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). District courts have discretion, however, to appoint counsel for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); 28 U.S.C. § 1915(e)(1). In considering whether to appoint counsel in a civil suit, the court should assess: (1) whether the prisoner is likely to succeed on the merits and (2) whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer*, 560 F.3d at 970). "Neither of these factors is dispositive and both must be viewed together before

reaching a decision." *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). Petitioner bears the burden of showing exceptional circumstances exist. *Palmer*, 560 F.3d at 970.

As an initial matter, the Court it is unclear whether Petitioner qualifies as indigent. Petitioner tried twice (and failed twice) to proceed in forma pauperis in this action. While this may simply be a result of the low filing fee required in habeas actions, there has been no finding of indigency in this case. *See* 28 U.S.C. § 1914(a). Moreover, Petitioner's first trust account statement indicated his average monthly deposit was $508.33, and his second trust account statement indicated his average monthly deposit was $535.00. ECF Nos. 2 at 7, 4 at 5. Both statements were filed at least six months ago. ECF Nos. 2, 4.

Even assuming Petitioner is indigent, Petitioner has not shown exceptional circumstances. Petitioner does not provide a reason for why he needs counsel. Instead, his motion merely says "[t]his motion is supported by the facts of [P]etitioner's habeas claim(s) as developed in the record before the Court." ECF No. 16 at 1. Even if Petitioner had given a compelling reason he required counsel, any such reason would be largely undermined by the current posture of the case. Procedurally, there is very little left to be accomplished. Petitioner has filed his petition without counsel, Respondents have responded and lodged the state court record, and Petitioner has missed his deadline to file his opposition or traverse. ECF Nos. 1, 11, 13, 14. Petitioner has not requested additional time to file his opposition or traverse. It is unclear to the Court how an attorney at this point in the litigation could assist Petitioner.

In light of Petitioner's failure to cite any circumstances—much less exceptional circumstances—for why he should be appointed civil counsel, the Court sees no need to appoint counsel. Nevertheless, the Court has also considered the more traditional exceptional circumstances analysis and concluded Petitioner is not "unable to articulate his claims in light of the complexity of the legal issues involved." *Cano*, 739 F.3d at 1218 (citing *Palmer,* 560 F.3d at 970).

First, the Court does not see this as a complex case, but rather a standard habeas case. Second, Petitioner challenges two aspects of his conviction: (1) "gang evidence permeated [Petitioner's] trial, contravening Assembly Bill No. 333 and the plain meaning of Section 1109 in violation of due process warranting a reversal," and (2) "the abstract of judgment and minute order reflect improperly calculated custody credits and must be corrected to add one day." ECF No. 1 at 6, 7, 34, 61. These issues sound very specific because Petitioner has merely attached what counsel filed on his behalf before the California Court of Appeal, Fourth Appellate District to provide his grounds for relief.[1] The fact that these issues have already been briefed for Petitioner by counsel weighs against Petitioner being "unable to articulate his claims."

Given the uncertainty about Petitioner's indigency, Petitioner's failure to demonstrate exceptional circumstances, the uncertain utility of counsel at this point in the proceedings, and Petitioner's use of material previously drafted by counsel in support of his petition, it is not in the interest of justice to appoint Petitioner counsel. Accordingly, Petitioner's motion for appointment of counsel is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 5, 2025

HON. MICHELLE M. PETTIT
United States Magistrate Judge

---

[1] The petition in this case is written in an appellate format, and the brief is dated February 13, 2023. This is, coincidentally, the day before Petitioner's opening brief was filed before the California Court of Appeal. California Courts, Appellate Courts Case Information, Docket: The People v. Phonsongkham, Case. No. D080131, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=2378627&doc_no=D080131&request_token=NiIwLSEnTkw7W1ApSCJNTEpIUEw6UkxbKyJeQzlTICAgCg%3D%3D.