# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY PHONSONGKHAM,<br><br>Petitioner,<br><br>v.<br><br>FIDENZIO N. GUZMAN, et al.,<br><br>Respondents. | Case No.: 24-cv-01566-LL-MMP<br><br>**ORDER DENYING MOTION TO RECONSIDER ORDER DENYING APPOINTMENT OF COUNSEL**<br><br>[ECF No. 18] |

Before the Court is Petitioner's motion to reconsider the Court's denial of his motion to appoint counsel. ECF No. 18.

On September 3, 2024, Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Since then, Respondents have answered the petition and lodged the state court record. ECF Nos. 13, 14, 15. The Court's briefing schedule has concluded, with the last action item being Petitioner's deadline to file his opposition or traverse no later than April 18, 2025. ECF Nos. 8, 11.

A few days before Petitioner's opposition deadline, he filed a motion for appointment of counsel. ECF No. 16. The Court denied Petitioner's motion, explaining that there is no absolute right to counsel in civil proceedings and Petitioner had not met his burden of showing exceptional circumstances. ECF No. 17 at 1–2. In its Order, the Court noted the current posture of the case would likely undermine Petitioner's alleged reasons for requiring counsel because Petitioner missed his deadline to file his opposition or traverse and not had not requested additional time to file. ECF No. 17 at 2. The Court further noted Petitioner's indigency status is unclear, and he is not "unable to articulate his claims" because Petitioner's petition included grounds for relief drafted by counsel. ECF No. 17 at 2–3.

Fed. R. Civ. P. 60(b) authorizes a court to grant relief from an order for several enumerated reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, misconduct, or the catch-all "any other reason that justifies relief." Reconsideration of an order is an extraordinary remedy to be "used sparingly." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). "Reconsideration motions may not be used to raise new arguments or introduce new evidence if, with reasonable diligence, the arguments and evidence could have been presented during consideration of the original ruling." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 859 (9th Cir. 2022) (citing *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 229 F.3d 877, 890 (9th Cir. 2000)).

Petitioner does not allege any of the traditional Rule 60 reasons why the Court should reconsider its prior Order, so the Court looks for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Petitioner has not provided the Court "any other reason." In his motion for reconsideration, without including an affidavit or documentary evidence, Petitioner offers he is indigent and says he "cannot speak or write [E]nglish well." ECF No. 18 at 1–2. These are grounds he could have raised in his first motion to appoint counsel and are therefore inappropriate grounds for reconsideration. For that reason alone, the Court could deny Petitioner's motion for reconsideration.

However, Petitioner is pro se, so the Court has liberally construed Petitioner's motion as though it were Petitioner's first motion for appointment of counsel rather than a motion for reconsideration. District courts have discretion to appoint counsel for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); 28 U.S.C. § 1915(e)(1). But Petitioner's alleged indigency and inexpert knowledge of the English language do not constitute exceptional circumstances. Circumstances common to prisoner civil rights plaintiffs, such as lack of education, are not "exceptional." *See Torres v. Jorrin*, No. 20-cv-891-AJB-BLM, 2020 WL 5909529, at *1 (S.D. Cal. Oct. 6, 2020) (finding a pro se plaintiff's learning disability and lack of legal

knowledge insufficient to satisfy the "exceptional circumstances" standard because "these claims are typical of almost every pro se prisoner civil rights plaintiff"). Moreover, Petitioner has litigated this case without counsel for approximately nine months, filing a petition, two motions for leave to file IFP, a motion for appointment of counsel, and a motion for reconsideration. ECF No. 1, 2, 4, 16, 18. These filings are coherent and do not suggest illiteracy. *Id.*

Because Petitioner has not presented any reason for relief from the Court's prior Order, nor offered an exceptional circumstance which could newly justify appointment of counsel, it is not in the interest of justice to appoint Petitioner counsel. Accordingly, for the reasons set forth in this Order and the Court's prior Order Denying Motion for Appointment of Counsel (ECF No. 17), Petitioner's motion for reconsideration (ECF No. 18) is **DENIED**.

As a final matter, Petitioner includes in his motion for reconsideration that he has not received "any filings of Respondents, such as the Answer," nor has he received some documents mailed to him by the Court. ECF No. 18 at 2. As noted on the docket with Petitioner's motion, the Clerk has mailed these items—specifically ECF Nos. 8, 11, and 13—to Petitioner again. ECF No. 18. The Court **ORDERS** Respondents to re-serve a copy their Answer and the State Court Record on Petitioner and file a declaration on the docket indicating completion of service on or before **June 13, 2025**.

The Court construes Petitioner's contention that he has not received the Court's orders setting deadlines as a request to extend Petitioner's deadline to file his opposition or traverse. ECF No. 18 at 2. Accordingly, the Petitioner shall file his opposition or traverse no later than **July 18, 2025.**

**IT IS SO ORDERED**.

Dated: June 6, 2025

_____
HON. MICHELLE M. PETTIT
United States Magistrate Judge